Luis Castro Feliú, Plaintiff and Appellee, *v.* Rexach Racing & Sporting Corporation, Defendant and Appellant.

No. 8485.  Argued February 2, 1942.—Decided March 4, 1942.

*Luis Sánchez Bahamonde* and *Heriberto Torres Solá* for appellant. *Leopoldo Feliú* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

We are asked to dismiss this appeal on the ground that the order appealed from is not appealable. In order to pass upon the question raised it becomes necessary to set forth the facts which gave rise to said order.

On April 18, 1940, Luis Castro Feliú brought an action against Rexach Racing & Sporting Corporation, which is a domestic corporation operating the "Las Casas" race track, in which he prayed for a judgment directing said corporation to render an account of the net profits received from the "horse races, pools, bancas, and subscription funds" held on its race tracks during a certain period of time, determining the "sum corresponding to the plaintiff," and once such determination was made to pay to him said sums, with interest thereon, costs, and attorney's fees.

The defendant answered, denying the allegations of the complaint and praying that the same be dismissed, with costs and attorney's fees. After a trial, the court gave judgment on December 30, 1940, directing the defendant to make a liquidation "of the net profits received by it from the races on the 'Las Casas' race track from October 18, 1937, to June 30, 1938, so as to ascertain the share in such profits to which plaintiff may be entitled under the contract made with him, and once such share is fixed and determined" the same should be paid with interest thereon and the costs.

The defendant acquiesced in the judgment. The plaintiff moved to reconsider and amend the same in the sense of "directing the defendant to render the aforesaid account of profits including therein the profits from said races and games." He also prayed that the interest be estimated from June, 1938, and that the attorney's fees be imposed on the defendant.

His motion was decided on January 8, 1941, as follows:

"On reading the motion of the plaintiff for reconsideration and amendment of the judgment, the same is hereby denied.

"The allowance of attorney's fees rests on the sound discretion of the court, taking into consideration the degree of obstinacy on the part of the defeated party, and where there is any discrepancy between the prayer of the complaint and the relief awarded by the judgment there can be no obstinacy on the part of a defendant who defended the. action.

"An award of interest on a sum which has not yet been liquidated and which was unliquidated on June 30, 1938, does not lie."

On January 30, 1941, the defendant submitted its liquidation, and on the 6th of the following February, the plaintiff filed his opposition thereto in which it was alleged that there had been a failure to include, among other proceeds, those derived from subscription funds. Twenty days afterwards the defendant answered said opposition. The defendant alleged in substance that the judgment had not directed the inclusion of a liquidation of the profits from the

subscription funds or from any source other than the horse races, and that this was confirmed by the refusal of the court to reconsider its judgment.

On May 27, 1941, the court decided the question as follows:

"This court, by its judgment sustaining the complaint, ordered the defendant to make a liquidation of the net profits received by it from the horse races held on the 'Las Casas' race track from October 8, 1937, to June 30, 1938, so as to fix plaintiff's share in such profits, in accordance with the contract entered into with him.

"After the judgment had become final (*firme*), the defendant simply filed an incomplete statement of the receipts and expenditures which only included the receipts from the pools, bancas, and office receipts during the period referred to in the judgment, and failed to include receipts from other sources, such as subscription funds, lease of refreshment booths, and radio fees collected by the defendant during the period in question.

"It is stipulated in the contract that the defendant shall pay to the plaintiff a percentage of the net profits received by the corporation from the races held on defendant's race track, and that the net profits of the corporation shall be understood to mean those received as a result of the horse races held, after deducting, among others, all expenses incurred and designated as 'race track expenses,' such as salaries of the personnel engaged in operating the pool, the subscription fund, etc.; which shows that it is on race days that the subscription fund lots are drawn and that the plaintiff is entitled to share in any profits accruing to the corporation on that account, for without the holding of the races no lots may be drawn in connection with the subscription funds.

"The defendant is hereby ordered to file a statement within ten days, and to serve the plaintiff with a copy thereof, of all its receipts and expenditures for the days when races were held on the 'Las Casas' race track during the period elapsed from October 18, 1937, to June 30, 1938, all this pursuant to the judgment rendered in this case.

"A hearing is set for June 25, 1941, at 9 a. m., at which time the parties, may appear represented by counsel and produce evidence in regard to the contents of said statement or any objections that the plaintiff may raise; it being the duty of the defendant to bring

and place at the disposal of the plaintiff all of its books, records, and vouchers evidencing the receipts and expenditures on the dates specified in the judgment and on the days when races were held at the 'Las Casas' race track.''

. The appeal taken from the above-quoted order is the one which is now sought to be dismissed.

Section 295 of the Code of Civil Procedure, 1933. ed., determines what judgments and orders of the district courts are appealable to this court. Subdivisions 1 and 2 of said section have no application herein. It is only in the third subdivision where the present case might be included, provided the order appealed from has the character of a ''special order made after final judgment.''

In *Ríos et al.* v. *Ríos,* 15 P.R.R. 263, 264, the following was said, with citations of former cases:

''. . . . We have likewise decided that in order to constitute such a special order the matter complained of must not be of such a nature that it can be reviewed by an appeal from the judgment itself. (See *José Martínez* v. *José Pilar,* 3 Dec. of P. R 135; *Sucesión María Díaz* v. *José Avalo,* 2 Dec. of P. R. 637.)''

In *Hernaiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99, 101, which also referred to former decisions, that holding was confirmed as follows:

''In the case of *Ayoroa* v. *The Estate of Méndez et al.,* 10 P.R.R. 274, this court, following the doctrine laid down in the case of *Avalo Sánchez* v. *Estate of Díaz,* 9 P.R.R. 306, held that according to subdivision 3 of section 295 of the Code of Civil Procedure a *special order* is understood to be one which impairs a right in deciding a question not at issue in the action nor decided by the final judgment, or which is in contravention of the provisions of the judgment.''

There is force in the arguments advanced by the appellant to the effect that the order appealed from is in the nature of a special order made after final judgment, under the law and the very decisions cited by the appellee, inasmuch as said judgment failed to include any specific pronouncement concerning the profits accruing from the subscription

·fund, and the order appealed from had for the first time decided the matter in a manner contrary to the provisions of the judgment which was confirmed by the order denying the reconsideration sought by ·the plaintiff.

That being so, and since there is at least a justifiable doubt as to whether or not the order appealed from can be characterized as a special order, such characterization depending on the attendant circumstances, it seems reasonable that the appellant should be accorded a full opportunity to argue the case on the merits. After such an argument, the court will be in a better position to do substantial justice to both parties.

The motion to dismiss, therefore, must for the present be denied, and in order that there be no undue delay in the proceedings, the ·appeal is set for hearing on the 7th of April next, at 2 p. m.